# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECIL MCCLAIN, | CASE NO. 1:09-CV-0004-DLB PC |
| Plaintiff, | ORDER STRIKING MOTION FOR EXTENSION OF TIME (DOC. 15) |
| v. | |
| JAMES TILTON, et al., | ORDER DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM |
| Defendants. | |

Plaintiff Cecil McClain ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed his original complaint on January 5, 2009. (Doc. 1.) Plaintiff subsequently filed an amended complaint on July 27, 2009. (Doc. 9.) On December 3, 2009, the Court screened Plaintiff's first amended complaint, and dismissed the complaint for failure to state a claim, with leave to amend within thirty days. (Doc. 10.) Plaintiff received a ninety-day extension of time, which resulted in a deadline of April 6, 2010. (Doc. 12.) Plaintiff failed to comply with the order. On October 5, 2010, the Court issued an order to show cause why this action should not be dismissed for failure to obey a court order and failure to state a claim. (Doc. 14.) Pending before the Court is Plaintiff's motion for extension of time, filed October 14, 2010. (Doc. 15.)

Plaintiff's motion is unsigned, and the Court cannot consider unsigned motions. Fed. R. Civ. P. 11. Accordingly, Plaintiff's motion is HEREBY ORDERED stricken.

1

1    Even if Plaintiff's motion was signed, Plaintiff has failed to demonstrate good cause why
2 this action should not be dismissed.  Plaintiff stated that he failed to comply with the Court's
3 order because he had been transferred to a different yard and thus did not have access to the same
4 inmate who assisted him previously.  Plaintiff was aware that the filing deadline had elapsed and
5 assumed the Court had dismissed the action.

6    A Court may extend a deadline for good cause if the party failed to act because of
7 excusable neglect.  Fed. R. Civ. P. 6(b)(1).  Excusable neglect rests on the relevant circumstances
8 surrounding the party's failure to meet a deadline.  *See Pioneer Inv. Servs. Co. v. Brunswick*
9 *Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (in context of Federal Rule of Bankruptcy
10 9006(b)(1)).  Factors to consider regarding excusable neglect include (1) danger of prejudice to
11 opposing party, (2) length of delay and impact on proceedings, (3) the degree of control the
12 moving party had over the delay, and (4) whether the moving party acted in good faith.  *Id.*

13    Plaintiff presents no excusable neglect here.  Plaintiff was aware of the deadline, and
14 failed to act.  Plaintiff's lack of legal assistance is not good cause, as that is a circumstance which
15 affects numerous pro se prisoner litigants before this Court.

16    Local Rule 110 provides that "failure of counsel or of a party to comply with these Local
17 Rules or with any order of the Court may be grounds for the imposition by the Court of any and
18 all sanctions . . . within the inherent power of the Court."  District courts have the inherent power
19 to control their dockets and "in the exercise of that power, they may impose sanctions including,
20 where appropriate . . . dismissal of a case."  *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th
21 Cir. 1986).

22    A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
23 action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v.*
24 *Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); *Ferdik v.*
25 *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
26 requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir.
27 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
28 apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal

for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

      In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

      In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The court's order expressly stated that failure to comply with this order will result in dismissal of this action for failure to obey a court order and failure to state a claim. Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

      Because Plaintiff has failed to present good cause, the Court HEREBY ORDERS that this action is dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

   IT IS SO ORDERED.

Dated:   **November 29, 2010**          /s/ **Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE